UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HEATHER SWANSON, <br><br> Plaintiff, <br><br> v. <br><br> COBB COUNTY DEPARTMENT OF FAMILY AND CHILDREN SERVICES, et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:21-CV-04978-JPB |

### ORDER

This matter is before the Court on multiple motions to dismiss [Docs. 46, 48, 50, 52, 65, 69, 98], Defendant Premiere Transitional Services, Inc.'s ("Premiere") Motion for Leave to File Matters Under Seal filed in supplement to its Motion to Dismiss [Doc. 99], Plaintiff Heather Swanson's ("Plaintiff") Motion to Seek Leave of Court to Amend First Amended Complaint [Doc. 57] and multiple motions to strike Plaintiff's Proposed Second Amended Complaint [Docs. 75, 77, 78, 80, 81]. The Court finds as follows:

### BACKGROUND

This case involves allegations against several entities and individuals arising from the alleged unlawful removal of Plaintiff's four adopted children from her

custody and events that transpired thereafter. [Doc. 4]. After amending the initial complaint as a matter of course, Plaintiff filed a four-count, 276-paragraph *pro se* First Amended Complaint against twenty-two named defendants and twenty-four unnamed defendants (collectively, "Defendants").[1] Id. In the First Amended Complaint, Plaintiff attempts to assert causes of action for violation of her Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983, invasion of privacy and slander. Id.

In response to Plaintiff's First Amended Complaint, Defendants filed several motions to dismiss which are are currently before the Court. [Docs. 46, 48, 50, 52, 65, 69, 98]. In the motions, Defendants raised a variety of arguments including: (1) failure to state a claim; (2) impermissible shotgun pleading; and (3) qualified and sovereign immunity. Id. Defendant Premiere also filed a Request for Leave to file Under Seal in supplement to its Motion to Dismiss. [Doc. 99]. Plaintiff then filed a Motion seeking the Court's leave to amend her complaint a second time, wherein she conceded she "made critical errors on the complaint resulting in a

---

[1] The named defendants are Cobb County Department of Family and Children Services, Cobb County Police Department, Safepath Children Advocacy Center, Fridelande Verlus, Carmen Nance, Lisa Johnson, Lasondra Howard Boddie, Katherine Hodge, Danielle Farrelly, Angela Flores, Joyce White, Sargent Lopez, Detective Monahan, Christina McElroy, Chelsea Sell, Makenzie Hobbs, First Premier Transitional Services, Ria Drane, Family Ties, Daphne Jean, Sargent Roberson and Davida Workman. The unnamed defendants are referenced in the First Amended Complaint as "DOES 1 through 24."

shotgun style pleading that made sweeping allegations and failed to properly state [a] claim." [Doc. 57, p. 2]. Thereafter, Plaintiff filed a Proposed Second Amended Complaint, [Doc. 70], and Defendants moved to strike Plaintiff's Proposed Second Amended Complaint. [Docs. 75, 77, 78, 80, 81].

The Court notes at the outset that Plaintiff's Proposed Second Amended Complaint was improperly filed because it was filed without leave of the Court as required by Federal Rule of Civil Procedure 15(a)(2). Therefore, Plaintiff's Proposed Second Amended Complaint is stricken, rendering Defendants' motions to strike moot.

As for First Amended Complaint, because the Court finds, and the parties do not dispute, it is an impermissible shotgun pleading, the Court will not address the merits of any of the motions to dismiss at this time. See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) ("We are unwilling to address and decide serious constitutional issues on the basis of this [shotgun] complaint. We could perhaps decide whether some of [the] claims were subject to dismissal under Rule 12(b)(6) . . . . Piecemeal adjudication of that kind, however, does not promote judicial efficiency.")

## ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not necessarily required, the pleading must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (citation omitted). The complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," id., and must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Traylor v. P'ship Title Co., 491 F. App'x 988, 990 (11th Cir. 2012) (quoting Iqbal, 556 U.S. at 678).

As an initial matter, it is important to recognize that Plaintiff is proceeding *pro se*, and therefore the Court has an obligation to "liberally construe" her pleadings. Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771 (11th Cir. 2020). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010). Importantly, *pro se* litigants must

still comply with the Federal Rules of Civil Procedure.  Rodriguez v. Scott, 775 F. App'x 599, 602 (11th Cir. 2019).  This means Plaintiff's First Amended Complaint must comply with Rule 8 by making a short and plain statement of the claim showing that she is entitled to relief.  Id.  Plaintiff has not done so here.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings," which violate Rule 8's requirement that a complaint contain a short and plain statement of the claim.  Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018).  The Eleventh Circuit Court of Appeals has explained that shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts."  Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018).  Shotgun pleadings,

> whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are "standing in line," waiting for their cases to be heard.  The courts of appeals and the litigants appearing before them suffer as well.

Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1356–57 (11th Cir. 2018).  In sum, tolerating shotgun pleadings "constitutes toleration of obstruction of justice."  Id. at 1357.

Typically, shotgun pleadings are characterized by any one of the following: (1) multiple counts that each adopt the allegations of the preceding counts; (2) conclusory, vague and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act or which of the defendants the claim is brought against.  McDonough v. City of Homestead, 771 F. App'x 952, 955 (11th Cir. 2019).  These categories "do not have precise and clearly marked boundaries." Tran v. City of Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020).  Significantly, the "unifying characteristic" of all shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015).

The Court finds that Plaintiff's First Amended Complaint demonstrates several of the above characteristics and is a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit has] condemned repeatedly." Magluta, 256 F.3d at 1284.  For instance, each of the counts in the First Amended Complaint improperly adopts the allegations of the preceding counts, stating "Plaintiff realleges, and incorporates herein as if set forth in full, all the preceding paragraphs above," but

failing to set out the specific facts supporting that count. See [Doc. 4, pp. 28, 30, 32, 33].

In addition, the First Amended Complaint sets forth 247 paragraphs of facts, many of which are conclusory, vague and lacking a clear connection to any particular cause of action. By way of example, Plaintiff alleges Defendants were "acting under color of law" and "acting within the course and scope of their duties" but fails to provide facts demonstrating how Defendants did so. [Doc. 4, p. 4]. In another example, Plaintiff repeatedly alleges certain Defendants engaged in "sabotage" and the "thwarting of the reunification process" with her adoptive children, but states specific examples will be provided in the discovery process or at trial. [Doc. 4, p. 16]. Not only are these allegations wholly conclusory, but they also fail to provide Defendants "adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

Finally, the First Amended Complaint asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1323. Plaintiff names twenty-two Defendants in the First Amended Complaint, some of which are incorrectly identified, and twenty-four unnamed Defendants. See [Doc. 4]. The First Amended Complaint, however,

often fails to specify which Defendants are responsible for which acts. Throughout the First Amended Complaint, Plaintiff refers to Defendants collectively by referencing "Defendants, and each of them," and Plaintiff fails to define certain groups of Defendants such as "County Defendants" and "Police Defendants." Where a plaintiff brings claims against multiple defendants, "the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what plaintiff is claiming." J.V. v. Duval Cnty. Sch. Bd., No. 3:16-cv-1009, 2017 WL 4226590, at *1 (M.D. Fla. Sept. 22, 2017). As explained above, pleading in this manner fails to put the defendants on notice as to which actions they could potentially be liable for. Moreover, the Court has no way to discern which facts relate to which Defendant.

Ultimately, Plaintiff's First Amended Complaint essentially sets forth vague and conclusory allegations lacking factual support and accuses undefined groups of Defendants of certain acts or omissions, such that no one Defendant can identify what exactly he or she did wrong. As a result, the Complaint, as currently written, makes it "nearly impossible [for] the Court to determine with any certainty" which factual allegations give rise to which claims for relief against which defendants. Jackson, 898 F.3d at 1356.

## OPPORTUNITY TO AMEND

The Eleventh Circuit has made clear that when faced with a shotgun pleading, the district court should require repleader. <u>Ferrell v. Durbin</u>, 311 F. App'x 253, 259 n.8 (11th Cir. 2009). At a minimum, the amended pleading must include:

1) A background section stating the facts relevant to all claims, presented in individually numbered paragraphs.

2) A separate section for each cause of action that sets forth in individually numbered paragraphs the legal elements of the cause of action and the relevant facts showing an entitlement to relief for such cause of action. In other words, Plaintiff should allege factual support for every cause of action asserted and, more specifically, for each element of the cause of action. In its current form, most of Plaintiff's causes of actions do not state the elements of the offense or factual allegations that correspond to those elements. Plaintiff is notified that her Complaint, in its current form, has an abundance of conclusory allegations. In the next pleading, conclusory allegations will not do.

3) Plaintiff must explicitly request the relief she seeks as well as an explanation of why she is entitled to such relief.

4) Plaintiff is permitted to assert a single count against multiple defendants; however, Plaintiff must identify what precise conduct is attributable to each individual defendant separately in each count.

Plaintiff is notified that the amended complaint will supersede all previous pleadings. The Court will not read the pleadings in tandem. In short, Plaintiff

must ensure that her amendment complies with Federal Rules of Civil Procedure 8 and 10 and the directives of this Order.

## CONCLUSION

In light of Plaintiff's obligation to file an amended complaint, Defendants' motions to dismiss [Docs. 46, 48, 50, 52, 65, 69, 98] and Defendant Premiere's Motion for Leave to File Matters Under Seal in supplement to its Motion to Dismiss [Doc. 99] are **DENIED AS MOOT**.  **IT IS HEREBY ORDERED** that Plaintiff's First Amended Complaint and Plaintiff's Proposed Second Amended Complaint are **STRICKEN** and therefore, the motions to strike Plaintiff's Proposed Second Amended Complaint [Docs. 75, 77, 78, 80, 81] are **DENIED AS MOOT**.

Pursuant to the instructions above, Plaintiff's Motion to Seek Leave of Court to Amend First Amended Complaint [Doc. 57] is **GRANTED** and Plaintiff is **DIRECTED** to amend her Complaint to adequately plead specific claims within twenty-one days of the date of this Order.  Plaintiff is notified that the failure to submit an amended complaint within the twenty-one-day time period will result in dismissal of the entire action.

**SO ORDERED** this 21st day of February, 2023.

_____
J. P. BOULEE
United States District Judge